## TAYLOR *v.* STATE.

### Opinion delivered December 8, 1900.

LIQUORS—UNLAWFUL SALE—INSTRUCTION.—Under an indictment for an unlawful sale of beer, the court instructed the jury that if they find from the testimony that *no money was given by the prosecuting witness to defendant*, but that witness said to defendant that he might get witness beer for the balance he owed him, then defendant would be guilty; and, if defendant owed witness fifty cents, and witness told defendant to get him some beer for it, *and gave him no instructions to buy it from a licensed dealer*, then defendant would be guilty. *Held*, that the instruction was erroneous, for defendant may not have been paid money by the prosecuting witness, and witness may not have instructed him to purchase the beer from a licensed dealer, and yet defendant might be innocent, if he purchased the beer as the agent of witness at his request with the money he owed him. (Page 470.)

Appeal from Lee Circuit Court.

HANCE N. HUTTON, Judge.

#### STATEMENT BY THE COURT.

Arthur Taylor was indicted for selling intoxicating liquors without license. One Williams testified that Taylor hired a buggy from him, for which he was to pay two dollars. Taylor paid witness $1.50, and said to witness that he would pay the

balance soon. To this witness replied: "I will take the balance in beer." Taylor said "he didn't have any beer right then, but could get me some. I told him all right." . That evening or next day Taylor delivered the beer to witness. Taylor in his own behalf testified, in part, as follows: "Last summer I owed Mr. Williams two dollars. I went to pay him, and gave him $1.50, and still owed him fifty cents. He asked me if I could get him some beer with the balance of fifty cents, and I told him I would do so. The next day I went out to the saloon of W. H. Lewis, who is a licensed liquor dealer about five miles from town and bought six bottles of beer, paying 50 cents for them. I bought them for Mr. Williams." He further testified that he was not employed by the saloon-keeper, but was running his wagon on his own account, and charging the purchasers for bringing in their orders.

In addition to a short written instruction, which correctly stated the law so far as it went, the court gave to the jury the following oral instruction: "If the jury find from the testimony that no money was given by the prosecuting witness Williams to the defendant with instructions to buy beer with it, but that witness said to defendant that defendant might get witness beer for the balance he owed him, then defendant would be guilty, even though defendant bought the beer from a licensed saloon, and delivered it to Williams. If the defendant owed Williams fifty cents, and Williams told defendant to get him some beer for it, and gave defendant no instructions to buy it for him from a licensed dealer, then defendant would be guilty, if you further find that he bought the beer and delivered it to Williams. And it would be no defense that he bought it from a licensed dealer."

The defendant was convicted, and fined five hundred dollars, from which judgment he appealed.

*H. F. Roleson*, for appellant.

Defendant acted merely as agent, and is not criminally liable. 41 Ark. 355. The verdict of the jury is not upon the issue presented in the record. 1 Bish. Cr. Proc. § 1005.

*Jeff Davis*, Attorney General, and *Chas. Jacobson*, for appellee.

RIDDICK, J., (after stating the facts.)    The defendant was indicted and tried for an unlawful sale of beer to one Williams. His defense was that he did not sell the beer he was accused of selling, but purchased it for Williams at his request and with money that he owed Williams. It is not disputed that he owed Williams fifty cents, and the question for the jury to determine was whether he sold Williams the beer in payment of his debt or purchased it for him at his request and as his agent. If he purchased the beer and delivered it to Williams in payment of his debt, it would constitute a sale, and he would be guilty of violating the law. But if, at the request of Williams, the defendant expended the fifty cents he owed Williams in the purchase of beer for Williams, which he afterwards delivered, there would be no violation of the law against selling beer without license by defendant, for the reason that in such a case there would be no sale by him. We do not doubt that the presiding judge fully comprehended the law on this point, but we are of the opinion that the oral instruction given by him was calculated to mislead the jury. The first portion of that instruction seems to lay stress on the fact that no money was paid by Williams to defendant at the time he requested defendant to get the beer, and the last paragraph lays stress on the fact that Williams did not direct defendant to purchase the beer at a licensed saloon. Now, such circumstances may be considered by the jury, along with other facts in evidence, in determining whether the defendant sold the beer or not, but the trial judge cannot in his charge make such circumstances the criterion by which to determine the guilt of defendant. To do so would be to invade the province of the jury.

The defendant may not have been paid money by Williams, and Williams may not have directed him to purchase the beer at a licensed saloon; and yet defendant may have been innocent of the crime charged, for he may have in good faith purchased the beer as the agent of Williams at his request with the money he owed him.

It should be remembered that the defendant was not accused of purchasing intoxicating liquor for another in a prohibited district or from an unlicensed dealer. He was accused

of selling, not of buying, intoxicating liquor.    Even had it
been shown that he purchased the beer as the agent of Williams
from an unlicensed dealer, he could not have been convicted
under an indictment charging an unlawful sale of beer.    But
it is not disputed that he purchased the beer which he delivered
to Williams from a licensed dealer, and for this reason the
reference to the question of a purchase from an unlicensed dealer
in the instructions, both those asked by the defendant and those
given by the court, was unnecessary, and tended more or less
to confuse the issue, which was whether defendant had sold
beer, not whether he had made a purchase for another in a pro-
hibited district.

For the error indicated the judgment is reversed, and the
cause remanded for a new trial.

BUNN, C. J., and HUGHES, J., dissent.